IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHENZHEN HENG DE ZHI HUI TECHNOLOGY LTD.,

    Plaintiff,

v.

Bhui, Worlumi, and ZFZDR,

    Defendants.

Case No.: 1:19-cv-03857

Judge Robert M. Dow, Jr.

Magistrate Judge Mary M. Rowland

**FINAL JUDGMENT ORDER**

THIS CAUSE being before the Court on SHENZHEN HENG DE ZHI HUI TECHNOLOGY LTD's, ("HDZH" or "Plaintiff") against the defendants identified in the attached First Amended Schedule A and using the Defendant Domain Names and Online Marketplace Accounts (collectively, the "Defendant Internet Stores"), and HDZH having moved for entry of Default and Default Judgment against the defendants identified in the First Amended Schedule A attached hereto (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by HDZH, a temporary restraining order and preliminary injunction against Defaulting Defendants which included a domain name transfer order and asset restraining order;

HDZH having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. "In the context of cases like this one, that means a plaintiff must show that each defendant is actually operating an interactive website that is accessible in Illinois and that each defendant has aimed such site at Illinois by standing ready, willing and able to ship its counterfeit goods to customers in Illinois in particular (or otherwise has some sufficient voluntary contacts with the state)." *Am. Bridal & Prom Indus. Ass'n v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F.Supp.3d 924, 934 (N.D. Ill. 2016). In this case, Plaintiff has presented screenshot evidence that each Defendant Internet Store is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can and do purchase products using counterfeit versions of Plaintiff's Trademark. *See* Docket No. 7 which includes screenshot evidence confirming that each Defendant Internet Store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the HDZH Trademark, U.S. Trademark Registration No. 5,265,953 ("TOYMYTOY").

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that HDZH's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the TOMYTOY Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine TOYMYTOY Product or not authorized by HDZH to be sold in connection with the TOYMYTOY Trademark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine TOYMYTOY Product or any other product produced by HDZH, that is not HDZH's or not produced under the authorization, control or supervision of HDZH and approved by HDZH for sale under the TOYMYTOY Trademark;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of HDZH, or are sponsored by, approved by, or otherwise connected with HDZH;

    d. further infringing the TOYMYTOY Trademark and damaging TOYMYTOY'S goodwill;

    e. otherwise competing unfairly with HDZH in any manner;

    f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or

inventory not manufactured by or for HDZH, nor authorized by HDZH to be sold or offered for sale, and which bear any of the TOYMYTOY Trademark or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell Counterfeit/Infringing Products; and

h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defaulting Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the TOYMYTOY Trademark or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine TOYMYTOY Product or not authorized by HDZH to be sold in connection with the TOYMYTOY Trademark.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order, shall, at HDZH's choosing:

a. permanently transfer the Defendant Domain Names to HDZH's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of HDZH's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of HDZH's selection; or

b. cancel the registrations for the Defendant Domain Names and make them inactive.

3. Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

   a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of counterfeit and infringing goods using the TOYMYTOY Trademark, including any accounts associated with the Defaulting Defendants listed on First Amended Schedule A attached hereto;

   b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the TOYMYTOY Trademark; and

   c. take all steps necessary to prevent links to the Defendant Domain Names identified on First Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

4. Pursuant to 15 U.S.C. § 1117(c)(2), HDZH is awarded statutory damages from each of the Defaulting Defendants in the amount of two hundred fifty thousand dollars ($250,000) for willful use of counterfeit TOYMYTOY Trademark on products sold through at least the Defendant Internet Stores.

5. Amazon Payments, Inc. ("Amazon") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites identified on First Amended Schedule A from transferring or disposing of any money or other of Defaulting Defendants' assets.

6. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Amazon are hereby released to HDZH as partial payment of the above-identified damages, and Amazon is ordered to release to HDZH the amounts from Defaulting Defendants' Amazon accounts within ten (10) business days of receipt of this Order.

7. Until HDZH has recovered full payment of monies owed to it by any Defaulting Defendant, HDZH shall have the ongoing authority to serve this Order on Amazon in the event that any new Amazon accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Amazon shall within two (2) business days:

   a. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites, including, but not limited to, any Amazon accounts;

   b. Restrain and enjoin such accounts or funds that are Asia based from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c. Release all monies restrained in Defaulting Defendants' Amazon accounts to HDZH as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

   d. Upon Plaintiff's request, the Internet marketplace website operators and/or administrators for the Seller IDs shall disable and/or cease facilitating access to the Seller IDs, including any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of Plaintiffs TOYMYTOY Trademark.

8. Until HDZH has recovered full payment of monies owed to it by any Defaulting Defendant, HDZH shall have the ongoing authority to serve this Order on any banks,

savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within two (2) business days:

a. Locate all accounts connected to Defaulting Defendants, Defaulting Defendants' Online Marketplace Accounts or Defaulting Defendants' websites;

b. Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defaulting Defendants' assets; and

c. Release all monies restrained in Defaulting Defendants' financial accounts to HDZH as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

d. Upon Plaintiff's request, the Internet marketplace website operators and/or administrators for the Seller IDs shall disable and/or cease facilitating access to the Seller IDs, including any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of Plaintiff's TOYMYTOY Trademark.

9. In the event that identifies any additional online marketplace accounts, domain names or financial accounts owned by Defaulting Defendants, HDZH may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the email addresses identified in Exhibit 2 to the Declaration of Binquan Li and any e-mail addresses provided for Defaulting Defendants by third parties.

10.     The bond posted by Plaintiff in the amount of $10,000.00 is hereby ordered released by the Clerk to Plaintiff or Plaintiff's counsel.

This is a Final Judgment.

Dated: August 14, 2019

_____
United States District Court Judge

**SCHEDULE A TO COMPLAINT**

| No. | Defendants | Defendants Marketplace URL |
|---|---|---|
| 1 | Bhui | https://www.amazon.com/s?me=A1PZS11D2ZZI3H&marketplaceID=ATVPDKIKX0DER |
| 2 | Worlumi | https://www.amazon.com/s?me=A9EL0KDQ9WUCE&marketplaceID=ATVPDKIKX0DER |
| 3 | ZFZDR | https://www.amazon.com/s?me=A2KQ02UG4A9PMB&marketplaceID=ATVPDKIKX0DER |